UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHNNY HUGHLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11-cv-706-TFM |
| | ) | [wo] |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for consideration and disposition (Doc. 3, filed September 6, 2011). For good cause, the Magistrate Judge orders that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

**I.  BACKGROUND**

Plaintiff Johnny Hughley ("Hughley" or "Plaintiff") is a resident of Loachapoka in Lee County, Alabama a place within the Middle District of Alabama. On August 30, 2011, Hughley initiated this action by filing a Complaint and a Motion for Leave to Proceed *in forma pauperis* (Docs. 1-2, filed August 30, 2011) pursuant to 28 U.S.C. § 1915(a)(1).[2] The Court granted his

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] The statute provides, in part: "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an

motion to proceed *in forma pauperis*. *See* Doc. 4. Prior to conducting a review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court ordered Hughley to file an amended complaint. *See* Doc. 5. Hughley complied with the order and filed an Amended Complaint. *See* Doc. 6. With his amended complaint, Hughley added two new defendants to the suit. *See* Doc. 6 at 1. The named defendants now include the Alabama Department of Corrections ("ADOC"), the Alabama Attorney General Luther Strange ("Strange" or "Attorney General"), and the Commissioner of the ADOC Richard F. Allen ("Allen") (collectively "Defendants"). *Id.*

Hughley alleges that Defendants deprived him of his Due Process rights in violation of the Fourteenth Amendment, and violated his Fourth Amendment rights by unlawfully detaining and maliciously prosecuting him. *See* Doc. 6 at 2-3. Hughley asserts these claims against the ADOC, Strange in his official capacity as the Alabama Attorney General, and Allen in his official capacity as the Commissioner of the ADOC. *See* Doc. 6 at 1. Hughley seeks damages in the amount of $1.5 million for false imprisonment, personal injuries, and malicious prosecution. *See* Doc. 6 at 4.

Hughley alleges that after serving a twenty-four month sentence in federal prison, Defendants negligently issued a fugitive warrant which caused the Greene County Sheriffs in Missouri to unlawfully detain him. *See* Doc. 6 at 2. Hughley alleges that during the arrest stemming from the fugitive warrant, the Greene County Sheriffs "dumped" him out of a wheelchair which caused him physical injury. *See* Doc. 6 at 2-3. Hughley further alleges that Strange subjected him to malicious prosecution and continued detainment by the ADOC. *See* Doc. 6 at 3. Hughley asserts that the 31st Judicial Circuit Court in Greene County acquitted him of all charges related to the fugitive warrant.

---

affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."

*See* Doc. 6 at 5.

## II.  JURISDICTION

The Court must first address whether it has subject matter jurisdiction over Hughley's claims. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309,1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction) (citations omitted). As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249,1252 (11th Cir. 2008).  Because Hughley does not specifically identify jurisdiction, the Court must determine whether there is federal question jurisdiction or diversity jurisdiction.

The Court considers first whether it has federal question jurisdiction over this action. Hughley brings his claim under 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended) and alleges that Defendants have violated his constitutional rights by unlawfully detaining and maliciously prosecuting him in violation of the Fourth Amendment of the United States Constitution.[3]  *See* Doc. 6 at 1-3.  Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[4]

---

[3]The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[4] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. Additionally, claims brought under 42 U.S.C. § 1983 for violations of Fourteenth Amendment rights, must be asserted against state actors. *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S.40, 50, 119 S.Ct. 977, 143L.Ed.2d 130 (1999) (emphasis added). Hughley asserts his claims against a state department, the head of that department, and the state attorney general; therefore, Hughley has properly brought his § 1983 claim against state actors. The Court has federal question jurisdiction; thus, there is no need to determine if the Court has diversity jurisdiction. The district court has subject matter jurisdiction over the claims in this action pursuant to 42 U.S.C. § 1983.

### III.  STANDARD OF REVIEW

*In forma pauperis* proceedings are governed by 28 U.S.C. § 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).

### IV.  DISCUSSION AND ANALYSIS

Hughley brings his claims against a state department, the commissioner of a state department, and the state attorney general; therefore, the Court must first consider whether the Eleventh Amendment bars Hughley's claims and requires the Court's dismissal of the complaint. The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by

---

injured in an action at law, suit in equity, or other proper proceeding for redress.

Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Although the language expressly bars only suits brought against a State by citizens of another State, the Supreme Court of the United States has held that the "Amendment bars suits against a State by citizens of that same State as well." *Papason v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 LE.d 209 (1986) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)).

The first named defendant is the ADOC. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).[5] As a department within the State of Alabama, the ADOC is immune from suit under the Eleventh Amendment. Therefore, all claims against the ADOC are dismissed because Hughley "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The second named defendant is Allen, the Commissioner of the ADOC. Other cases hold that both current and former Commissioners of the ADOC enjoy qualified immunity for damages actions against them in their official capacity. *Edwards v. Alabama Dept. of Corr.*, 81 F. Supp. 2d 1242, 1251 (M.D. Ala. 2000). "[T]he Eleventh Amendment bar [on] damages action[s] against a State in federal court ... remains in effect when State officials are sued for damages in their official capacity." *Id.* (quoting *Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985)). This rule of law exists because "a judgment against a public servant 'in his official

---

[5] Although a State may consent to be sued in federal court, Alabama has clearly not done so. *See* ALA. CONST. art. I, § 14 ("That the State of Alabama shall never be made a defendant in any court of law or equity.").

capacity' imposes liability on the entity that he represents...." *Id.* (quoting *Brandon v. Holt*, 469 U.S. 464, 471, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985)). The law is clear that an action for damages cannot be maintained against the Commissioner of the ADOC in his official capacity. Therefore, all claims against the Allen are dismissed because Hughley "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Even if Hughley's false imprisonment claim against the ADOC and Allen were not barred based on qualified immunity, it would still fail based on the merits. Under Alabama law, when the false imprisonment is based on false imprisonment in jail by an officer after arrest, for it to be false imprisonment under the evidence, there must have been an illegal arrest. *Boyette v. City of Mobile*, 442 So. 2d 61 (Ala. 1983), *overruled on other grounds by Franklin v. City of Huntsville*, 670 So. 2d 848 (Ala. 1995) (citing *Sokol Bros. Furniture Co. v. Gate*, 208 Ala. 107, 93 So. 724 (Ala.1922)). Hughley has made no allegation that the circumstances surrounding the arrest made by the Greene County Sheriffs was improper. In addition, Hughley does not even allege that he was imprisoned or personally injured by the ADOC or the Commissioner. His claims are the result of an arrest and detainment in Greene County, Missouri.

The final named defendant is Alabama Attorney General Strange. Courts have recognized that certain officials hold positions that have special functions and require full exemption from liability. *Butz v. Economou*, 438 U.S. 478, 508, 98 S. Ct. 2894, 2911-12, 57 L. Ed. 2d 895 (1978). Prosecutors have been found to be one of these officials that carry special functions that require their full exemption from liability. *See Id.*; *Yaselli v. Goff*, 12 F.2d 396, 404 (2d Cir. 1926) *aff'd*, 275 U.S. 503, 48 S. Ct. 155, 72 L. Ed. 395 (1927); *Imbler v. Pachtman*, 424 U.S. 409, 422-23, 96 S.Ct. 984, 991, 47 L.Ed.2d 128 (1976). Courts have found that the "prosecutor's role in the criminal justice

system was likely to provoke 'with some frequency' retaliatory suits by angry defendants." *Id.* at 510, 98 S. Ct. at 2913 (quoting *Imbler*, 424 U.S. at 425, 96 S. Ct. at 992). Courts have decided that anything short of absolute immunity could discourage the initiation of prosecutions, and alter the prosecutor's conduct during the course of the trial. *Id.* Courts have found absolute immunity appropriate because a prosecutor "is at all times under the wholesome restraint imposed by the risk of being called to account criminally for official misconduct (Gen. Stat. 1915, sec. 3588), or of being ousted from office on that account (Gen. Stat. 1915, sec. 7603)." *Yaselli*, 12 F.2d at 404, *aff'd* 275 U.S. 503. However, "absolute immunity does not necessarily shield a prosecutor from liability when he is performing a function that is *not* associated with his role as an advocate for the state." *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 276-78, 113 S.Ct. 2606, 2617-18, 125 L.Ed.2d 209 (1993); *Burns v. Reed*, 500 U.S. 478, 492-96, 111 S.Ct. 1934, 1942-45, 114 L.Ed.2d 547 (1991)).

Hughley alleges that Strange was the head of a malicious prosecution stemming from an arrest on a fugitive warrant. Hughley's assertion is clearly directed at actions that occurred in Strange's official capacity. The courts have already found that prosecutors are immune from suit for malicious prosecution. *Yaselli*, 12 F.2d at 404, *aff'd* 275 U.S. 503. Therefore, all claims against Strange are dismissed because Hughley "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Even if Hughley's malicious prosecution claim against Strange was not barred based on immunity, Hughley's claim would still fail based on its merits. "To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable *seizures* in addition to the elements of the common law tort of

malicious prosecution." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003).  Under the Alabama common law tort for malicious prosecution, it must be determined that "the plaintiff has presented substantial evidence of the following elements: (1) that a prior judicial proceeding was instituted by the present defendant, (2) that in the prior proceeding the present defendant acted without probable cause and with malice, (3) that the prior proceeding ended in favor of the present plaintiff, and (4) that the present plaintiff was damaged as a result of the prior proceeding." *Delchamps, Inc. v. Bryant*, 738 So. 2d 824, 831-32 (Ala. 1999) (citing *Fina Oil & Chemical Co. v. Hood,* 621 So.2d 253 (Ala.1993); *Delchamps, Inc. v. Larry,* 613 So.2d 1235 (Ala.1992)).  Hughley automatically fails as he cannot establish the third element.  Although Hughley asserts that the 31st Judicial Circuit Court in Greene County acquitted him of all charges related to the fugitive warrant, he misinterprets the case summary submitted as Exhibit A.  *See* Doc. 6 at 5; Doc. 1-1 at 1.  The prior proceeding was not ruled in favor of Hughley, but rather the government entered a *nolle prosequi* which means that the government voluntarily dismissed the indictment and chose not to proceed any further with the case.  *See* Fed. R. Civ. P. 48(a).  Accordingly, the Court concludes Hughley's claim for malicious prosecution against Strange also fails on the merits.

## V.  CONCLUSION

It is, therefore, **ORDERED** that Hughley's claims against Alabama Department of Corrections, Alabama Attorney General Luther Strange, and the Commissioner of the ADOC Richard F. Allen be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

DONE this 21th of December, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE